**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| THE CONNOR GROUP, | : | Case No. 3:26-cv-26 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| VIEW OPERATING CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

This case is before the Court upon Plaintiff The Connor Group's Motion to File Fed. R. Civ. P. Rule 7.1(a)(2) Disclosure Statement under Seal.  (Doc. #6).  Plaintiff requests that the Court allow it to file its diversity disclosure statement with its employees' names redacted on the public docket and to file an unredacted version under seal.  *Id.*  Plaintiff explains that its members include sixty-four individuals who are employed by Plaintiff; these employees have been provided equity interests in connection with their employment but are not named as plaintiffs in this case.  *Id.* at 39.

"The party seeking to seal records has the heavy burden of overcoming the 'strong presumption in favor of openness.'"  *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)).  To meet this burden, the party seeking to seal a document must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *See id.*

In this case, Plaintiff argues that it has a compelling interest in maintaining the privacy of its employees' names.  However, a vague interest in "privacy" is insufficient to support a motion to seal.  *See S. Fin. Grp., LLC v. Stoess*, No. 3:18-CV-220-DJH, 2018 WL 10758704, at *1 (W.D. Ky. June 22, 2018) (citing *Smith v. Westminster Mgmt., LLC*, No. JKB-17-3282, 2018 WL 572867, at *6, 2018 U.S. Dist. LEXIS 12780 at *19 (D. Md. Jan. 26, 2018) (denying motion to seal supplemental removal statement where defendants failed to describe LLC members' privacy interests and purported harm "in specific and concrete terms"); *3776 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, No. 3:14-CV-632-J-34PDB, 2014 WL 12621574, at *2, 2014 U.S. Dist. LEXIS 192098 at *4-*7 (M.D. Fla. Aug. 25, 2014) (denying motion to file LLC members' identities under seal or submit them for in camera review based on plaintiff's unsupported assertions that disclosure would harm members' privacy and financial interests and that their identities were "not central to the merits of the case"); *Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013) (denying motion to seal documents identifying LLC members and sub-members where "[t]he only reason given for keeping this information secret [was] that the various individuals and entities would prefer to not have their identities disclosed"); *Edgewood Manor Apt. Homes LLC v. RSUI Indem. Co.*, No. 08-C-0920, 2010 WL 2430996, at *5, 2010 U.S. Dist. LEXIS 67729 at *13 (E.D. Wis. June 14, 2010) (denying motion for protective order and directing that jurisdictional statement be unsealed where plaintiff's members and sub-members "sa[id] merely that they wish[ed] to keep their investments and tax benefits private" and "point[ed] to no specific personal or financial harms they m[ight] suffer")).

Furthermore, although Plaintiff asserts that its employees are innocent third parties, "the members of an LLC are not unsuspecting bystanders caught in the litigational crossfire when the LLC is hauled into court. Rather, under the law, these 'remote disinterested investors/families'

comprise the parties in this case." *Smith v. Westminster Mgmt., LLC*, No. CV JKB-17-3282, 2018 WL 572867, at *6 (D. Md. Jan. 26, 2018) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, (1990)); *see also Mann v. Trails Carolina, LLC*, No. 1:23-CV-00020-MR-WCM, 2023 WL 5256081, at *2 (W.D.N.C. Aug. 15, 2023) ("The Court acknowledges Defendant's concern for the safety of the persons in Defendant's organizational lineage. However, those persons (whoever they may be) have made the choice of how to hold their interests in the associated entities.") (citing *WSOU Invs., LLC v. Salesforce, Inc.*, No. 6:20-CV-1163 (ADA), 2023 WL 2213200, at *2 (D. Del. Feb. 24, 2023) ("Corporations and LLCs may offer individuals protection from liability, but they don't entitle individuals to anonymity in court proceedings.").

Accordingly, Plaintiff's Motion to File Fed. R. Civ. P. Rule 7.1(a)(2) Disclosure Statement under Seal (Doc. #6) is hereby **DENIED**.  Plaintiff shall file its Diversity Disclosure Statement on or before **July 1, 2026**.

**IT IS SO ORDERED.**


June 24, 2026 _____                      *s/Peter B. Silvain, Jr.* _____
                                                      Peter B. Silvain, Jr.
                                                      United States Magistrate Judge

3